[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11338

_____

D. C. Docket No. 05-00230-CV-P-B

COCA-COLA BOTTLING CO., CONSOLIDATED,

Plaintiff-Counter
Defendant-Appellant,

versus

INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMAN & HELPERS LOCAL 991,

Defendant-Counter
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(December 13, 2006)**

Before BIRCH  and BLACK, Circuit Judges, and PRESNELL,[*] District Judge.

_____

[*]Honorable Gregory A. Presnell, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

This case arose out of a dispute governed by a collective bargaining agreement between the Coca-Cola Bottling Co. Consolidated Inc., ("CCBC") and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers, Local Union No. 991 (the "Union"), which was to be settled through arbitration. The Arbitrator found that CCBC had breached its agreement with the Union, and ordered "that the Union shall be made whole for any loss of compensation."  However, the Arbitrator did not determine the amount of damages, holding instead that the record did not contain enough information to determine the amount of damages, if any, suffered by the Union.  The arbitrator offered to retain jurisdiction to consider the damages issue if requested to do so by the parties.[1]

CCBC then filed suit in Federal district court, asking that the Court vacate the Decision and Award issued by the Arbitrator.  The Union filed a counterclaim, requesting that the district court affirm and enforce the Arbitrator's Decision and Award.  Both parties then filed Motions for Summary Judgment.  Pursuant to an opinion that focused primarily on the merits of the Arbitrator's Decision (rather than the Award), the district court granted the Union's Motion.  The district court's

---

[1]In this Court's view, that decision constituted a *de facto* bifurcation of the damages issue, to be resolved at a later time.

opinion stated that the Arbitrator's Decision and Award were rational and enforceable. CCBC then brought this appeal.

On appeal, it is difficult to discern what, exactly, the parties are arguing about and what they want the courts to do about it. CCBC no longer challenges the merits of the Arbitrator's Decision that there was a breach of contract. Additionally, both parties agree that the Arbitrator's Award is incomplete. The make whole remedy ordered by the Arbitrator is open to multiple interpretations and provides little direction as to how the parties are to determine the actual amount of damages to be paid. *See San Antonio Newspaper Guild v. San Antonio Light Div.,* 482 F.2d 821, 824 (5th Cir, 1973).[2] As such, this Court finds that the Award is unenforceable because it is ambiguous. *See id.*

The crux of the dispute thus boils down to how the amount of damages should now be determined. The Union argues that the matter should be sent back to the original arbitrator for further fact-finding and a determination of damages. CCBC insists that, because the award is not "self-executing," the Court should order the parties to initiate a new grievance procedure with a new arbitrator.

Since the district court did not address this issue below, the case will be

---

[2]All decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent on courts within the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

remanded to the district court to determine the appropriate procedure for resolving the damages issue.

REVERSED and REMANDED.